## AMERICAN SUGAR REFINING CO. v. NEWNAN GROCERY CO.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1922. Rehearing Denied January 13, 1923.)

No. 3864.

1. Sales ⬅⟹22(3)—Offer and acceptance construed, and held to constitute valid contract.

A written offer and acceptance construed, and *held* to correspond and to create a valid contract for sale and purchase of sugar.

2. Contracts ⬅⟹153—Construed in favor of mutuality and validity.

A contract will be construed in favor of mutuality, and will be given that construction which will make it valid and binding, rather than one which would make it void or unenforceable.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by the American Sugar Refining Company against the Newnan Grocery Company. Judgment for defendant, and plaintiff brings error. Reversed.

John A. Sibley, of Atlanta, Ga. (Spalding, McDougald & Sibley, of Atlanta, Ga., on the brief), for plaintiff in error.

Mac Asbill, Edgar Watkins, and Horace Russell, all of Atlanta, Ga. (Fred T. Saussy, of Savannah, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error sued out by plaintiff, the American Sugar Refining Company, to an order dismissing its petition on general demurrer.

[1] The petition alleges two contracts of sale of sugar, each contract being for 50 barrels, by the plaintiff to the defendant. The contracts are identical, and each is evidenced by a written offer and a written acceptance. The offer contains language as follows:

"Barrels or equivalent at price of 22½ cents assortment to be furnished the seller by buyer before September 1, 1920, but subject to such substitutions as seller may find necessary to make, in event assortment is not furnished prompt seller reserves right to ship such grades as it has available at time of shipment delivery to be made during September or as soon thereafter as is possible."

The corresponding part of the acceptance is as follows:

"Seller reserves right to ship such grades as it has available at time of shipment, delivery to be during September or as soon thereafter as is possible."

The entire contract was prepared by the plaintiff.

It was the principal contention of the defendant that the contract was void for lack of mutuality, for the reason that there is a material difference in the above-quoted portions of the offer and acceptance. The District Judge in his opinion construed the right of the defendant to make assortments to apply both to the packages, or containers, and to the grades of sugar. He was also of the opinion that a period should be inserted after the words "necessary to make" in the offer, and con-

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cluded there was a material difference between the offer and acceptance.

It is to be assumed that the parties intended to make a binding and enforceable contract. They were not going through the useless formality of entering into an agreement, without the intention of enforcing it if the necessity should arise.

[2] A contract will be given that construction which will make it valid and binding, instead of a construction which would make it void or unenforceable. Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940. Likewise a contract should be construed in favor of mutuality. 13 C. J. 539; Minn. Lumber Co. v. Whitebreast Coal Co., 160 Ill. 85, 43 N. E. 774, 31 L. R. A. 529. A construction which makes confused verbiage intelligible will be adopted. Senter v. Senter, 87 Ohio St. 377, 101 N. E. 272.

No period is contained in the body of the language quoted from the offer. If the District Judge is correct in placing a period where he did, there would seem to be a material difference between the offer and the acceptance. But, although the contract should be construed most strongly against plaintiff, because drawn by it, yet it is the duty of the court to uphold it if the offer and the acceptance can be made to correspond by a reasonable interpretation. The offer is open to the construction that the defendant's right of assortment applies only to the kind of packages in which the sugar should be put up and shipped. If the first part of the offer be held to apply to the assortment of packages, and the latter part be applied only to grades, then the offer and the acceptance harmonize. It is hardly to be supposed that the plaintiff, who prepared both the form of the offer and the form of the acceptance, would intentionally have made the difference which formed the basis of the opinion of the District Judge. If a period be placed after the word "prompt," there is no material difference between the offer and the acceptance, and the unconditional right to ship available grades of sugar is reserved to the seller in the offer as well as in the acceptance. This construction is, as it seems to us, a reasonable one, and should be adopted, because it has the effect of making the contract a valid and binding one.

The conclusion is that it was error to sustain the demurrer and dismiss the petition. We agree with the District Judge that in all other respects the terms of the offer and acceptance are substantially the same.

The judgment is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.