## AUTOMATIC SPRINKLER CO. OF AMERICA v. SHERMAN.

(Circuit Court of Appeals, Fifth Circuit. November 2, 1923.)

### No. 4123.

1. **Contracts** ⪯153—**Construed to give validity.**

A contract will be given that construction which will make it valid and binding, rather than one which would make it void or unenforceable; the parties being presumed to have intended to make a valid contract.

2. **Contracts** ⪯10(4)—**Contract held not invalid for want of mutuality.**

A provision in a contract for sale and purchase of a fire-extinguishing apparatus, to be installed by the seller, that it was understood that the seller "promises no time of performance," *held* not to render the contract void for lack of mutuality, but to mean only that performance was not to be required by any particular date, and to have the contract subject to the general rule requiring performance within a reasonable time.

⪯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action at law by the Automatic Sprinkler Company of America against J. S. Sherman, operating as the Farmers' Warehouse Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded for further proceedings.

John A. Sibley, of Atlanta, Ga. (Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for plaintiff in error.

James R. Pottle and Isaac J. Hofmayer, both of Albany, Ga., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. In May, 1920, the parties to this suit entered into a written contract, whereby the plaintiff, Automatic Sprinkler Company of America, agreed to furnish certain fire-extinguishing apparatus and install the same in a warehouse occupied by the defendant Sherman. The contract contains the following provision:

"It is understood that, due to existing conditions, the Automatic Sprinkler Company of America promises no time for performance."

There is also a provision that the plaintiff should not be liable for "any loss or damage from delay or otherwise, due to strikes, lockouts, action of the elements, or to any causes" beyond its control. Within a few days after the contract had been entered into, and, so far as the record shows, before anything had been done in the nature of performance, the defendant notified the plaintiff that he had canceled the contract, because it did not fix any time for performance.

The plaintiff sues for the contract price, less the cost of labor and material which it did not incur because of defendant's repudiation of the contract. The District Judge, being of opinion that the contract provides no time for performance, and is therefore void for lack of mutuality, dismissed plaintiff's petition on general demurrer.

[1] In American Sugar Refining Co. v. Newnan Grocery Co., 284 Fed. 835, we said:

"It is to be assumed that the parties intended to make a binding and enforceable contract. They were not going through the useless formality of entering into an agreement, without the intention of enforcing it if the necessity should arise. A contract will be given that construction which will make it valid and binding, instead of a construction which would make it void or unenforceable. Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940. Likewise a contract should be construed in favor of mutuality. 13 C. J. 539; Minn. Lumber Co. v. Whitebreast Coal Co., 160 Ill. 85, 43 N. E. 774, 31 L. R. A. 529."

[2] Construing the contract as a whole, and considering that there was a promise to furnish and install certain material, on the one hand, and, on the other, a promise to pay, we are of opinion that the provision as to the time of performance can be reasonably, and therefore should be, construed to mean that the plaintiff was not required to perform by any particular day. The defendant properly concedes that, if the contract sued on had been silent as to time of performance, the

law would imply a reasonable time. In that view, it is true that the provision is unnecessary; but that is not a fatal objection to a contract, or even to a statute, which is more formal.

We do not think the provision against liability for loss or damage from delay occasioned by strikes, lockouts, etc., militates against the construction that the clause as to time of performance was intended to secure to the plaintiff a reasonable time under conditions then existing. It is not unusual to incorporate such a provision in contracts, whether a definite time for performance is fixed or not.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.